IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2016

**STATE OF TENNESSE v. MARLIN C. GOFF**

**Appeal from the Circuit Court for Sullivan County**
**No. S46492     R. Jerry Beck, Judge**

---

**No. E2015-02201-CCA-R3-CD – Filed June 29, 2016**

---

The defendant, Marlin C. Goff, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his 2005 convictions of rape of a child and failure to appear. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

Marlin C. Goff, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Emily M. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Sullivan County Criminal Court jury convicted the defendant of the 2002 rape of his then five-year-old stepdaughter, and the trial court imposed a total effective sentence of 25 years' incarceration to be served at 100 percent by operation of law. *See generally State v. Marlin C. Goff*, No. E2005-02090-CCA-R3-CD (Tenn. Crim. App., Knoxville, Jan. 22, 2007). The defendant later pleaded guilty to a single count of failure to appear in exchange for a one-year sentence to be served concurrently to the 25-year sentence imposed for the rape of a child conviction.

On September 28, 2015, the defendant moved the court pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct his sentence, arguing that the trial court had erroneously sentenced him pursuant to the 2005 amendments to the Tennessee

Sentencing Act, that he had been erroneously denied "the 15% reduction mandated in T.C.A. statutes and ordered by the trial court," and that the State sought "vindictive prosecution on misdemeanor failure to appear on discharge from probation." The State, in its response to the defendant's motion, argued that the sentence imposed did not contradict any statute and that the defendant was not entitled to a 15 percent reduction in his sentence. The trial court summarily dismissed the motion, finding that the imposition of a sentence of 25 years to be served at 100 percent was a legal sentence at the time of the defendant's offense.

In this timely appeal, the defendant argues that the trial court erred by summarily dismissing his Rule 36.1 motion and that the failure to appoint counsel violated his due process rights. He also reiterates his claims that his sentence is illegal because the trial court erroneously utilized the 2005 Sentencing Act Amendments when imposing the sentence in this case and because he is entitled to a sentence reduction of 15 percent. The State contends that summary dismissal was appropriate in this case.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

The defendant's sentence of 25 years for his Class A felony conviction of rape of a child was authorized at the time of the offense. *See* T.C.A. § 40-35-112(a)(1); *id.* § 40-35-501(i)(1),(2)(I); *id.* § 39-13-523. As a child rapist, the defendant must serve 100 percent of his sentence "undiminished by any sentence reduction credits the person may be eligible for or earn," and the provisions of Code section 40-35-501 "relative to release eligibility status and parole" cannot be applied "prior to service of the entire sentence imposed by the court" in his case. *Id.* § 39-13-523(b); *see also id.* § 39-13-523(c) ("Nothing in the provisions of title 41, chapter 1, part 5, shall give either the governor or the board of probation and parole the authority to release or cause the release

of a multiple rapist or child rapist, as defined in subsection (a), prior to service of the entire sentence imposed by the court."). Thus, the sentence of 25 years to be served at 100 percent does not contravene any statute and, therefore, is not illegal. The defendant's remaining claim regarding his sentencing pursuant to the 2005 Sentencing Act Amendments is not only false, *see Marlin C. Goff*, but, even if true, would not be a cognizable claim for relief under Rule 36.1. Absent the statement of a cognizable claim for relief, the trial court was not required to appoint counsel to represent the defendant. *See* Tenn. R. Crim. P. 36.1(b).

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE